COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

May 20, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| J. FRANKLIN CRITTENDEN | ) | BRADLEY COUNTY |
| | ) | 03A01-9709-CH-00407 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. EARL H. HENLEY |
| | ) | CHANCELLOR |
| | ) | |
| CHARLES M. CRITTENDEN, JR. | ) | |
| | ) | |
| Defendant-Appellee | ) | VACATED AND REMANDED |

J. FRANKLIN CRITTENDEN, Pro Se

JAMES F. LOGAN, JR., OF CLEVELAND FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is a suit by J. Franklin Crittenden against his brother, Charles M. Crittenden, Jr., which, _inter_ _alia_, seeks damages for conversion of certain personal property left under the last will and testament of their father to his mother for life with remainder to him, his brother, and his sister.

The Trial Court sustained the Defendant's motion to dismiss, contending that the complaint "fails to state a claim upon which relief can be granted." The motion also advanced affirmative defenses which may not be considered because they are not supported by any affidavits or depositions.

The amended complaint, as pertinent to this appeal, alleges the following:

(3) On or about April 2, 1986, Charles M. Crittenden, Sr., executed his Last Will and Testament, copy of which is attached and incorporated herein as Exhibit "1", wherein he in essence gave a life estate to his wife, Ola V. Crittenden, of his home located at 1923 Oak Street N.W., Cleveland Tennessee, and his furniture located therein, contents of which are partially listed on list attached hereto and incorporated herein as Exhibit "2".

(4) Charles M. Crittenden, Sr., upon in essence giving his wife Ola V. Crittenden a life estate, further named his heirs Charles M. Crittenden Jr.; J. Franklin Crittenden, plaintiff, and Venda Schmid, as the vested remainderman of his estate. (hereinafter collectively referred to as the "heirs".)

(5) On or about May 8, 1987, Charles M. Crittenden, Sr., did execute a Codicil to the aforementioned Last Will and Testament, a copy of which is attached hereto and incorporated herein as Exhibit "3".

(6) On or about June 28, 1987, Charles M. Crittenden, Sr., died.

(7) On or about October 27, 1992, the heirs received a letter from David S. Humberd, esq. as counsel for Ola V. Crittenden, demanding arrangements be made to move the furniture and miscellaneous items, partially listed on Exhibit "2", from the house. In effect, Ola V. Crittenden was relinquishing her right to her life estate in the aforementioned as evidenced by said letter, attached hereto and incorporated as Exhibit "4".

2

(8)  As a result of the aforementioned letter, the heirs moved the household furniture and miscellaneous items to Park Oaks Apartments, 1159 Harrison Pike, Cleveland, Tennessee 37311, wherein the heirs placed these items in storage for an agreed upon fee of $50.00 per month.

(9)  On or about August, 1993, defendant removed the furniture and miscellaneous items from storage at the aforementioned Park Oaks Apartments and thereafter relocated same at his personal residence, 3004 Bryant Dr., Cleveland, Tennessee 37311 without the prior knowledge and/or consent of the remaining heirs.

(10) Defendant did move these items with the intent of fraud to convert the furniture and other miscellaneous items to his own personal use and thereafter to charge the remaining heirs an exorbitant rent, being twice what Park Oaks Apartments was charging, as evidenced by the bill defendant submitted to the plaintiff, attached hereto and incorporated herein as Exhibit "5".

(11) Plaintiff has been advised by Venda Schmid that the defendant has partially disbursed some of the furniture and/or miscellaneous items to the detriment of the heirs.

The propriety of a motion to dismiss is addressed in the case of Sullivant v. Americana Homes, Inc., 605 S.W.2d 246, 248 (Tenn.App.1980), where this Court stated the following:

> Our Supreme Court has recently quoted the United States Supreme Court to the effect that "It is well established that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Fuerst v. Methodist Hospital South (1978 Tenn.) 566 S.W.2d 847, 848 [quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, L.Ed.2d 80 (1957)].  In scrutinizing the complaint in the face of a 12.02(6) motion, "the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true." Huckeby v. Spangler (1975 Tenn.) 521 S.W.2d 568, 571.

3

Our reading of the complaint persuades us that it meets the test set out in Sullivant, and the Trial Court acted improperly in dismissing the complaint.

While it may be the items of personal property to which the Plaintiff contends he is entitled are so insignificant in value the claim for them may be considered de minimis, there is nothing in the record to support such a conclusion and insofar as the record is concerned they very well might be valuable heirlooms.

In conclusion, we recognize that the Plaintiff is incarcerated in a penal institution of this State and point out that any further proceedings as to this case should be in conformity with the guidelines pronounced in Whisnant v. Byrd, 525 S.W.2d 152 (Tenn.1975).

For the foregoing reasons the judgment of the Trial Court is vacated and the cause is remanded for proceedings not inconsistent with this opinion. Costs of appeal are adjudged against the Defendant.

_____
Houston M. Goddard, P.J.

4

CONCUR:

_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.